IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AZANIAH BLANKUMSEE, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PWG-19-1324 |
| STATE OF MARYLAND, | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM OPINION AND ORDER

In response to Plaintiff Azaniah Blankumsee's Complaint filed pursuant to 28 U.S.C. § 1983, the State of Maryland has filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 14. Blankumsee[1] has filed a Response in opposition. ECF No. 17. The Motion is ripe for review, with no need for a hearing. *See* Loc. R 105.6 (D. Md. 2018). For the reasons that follow, Defendant's Motion to Dismiss is granted.

## BACKGROUND

Blankumsee, an inmate committed to the Maryland Division of Correction, currently is incarcerated at Patuxent Institution. While previously incarcerated at Eastern Correctional

---

[1] Blankumsee is a frequent and vexatious filer of pro se litigation in this Court. His prisoner civil rights actions include: *Blankumsee v. Washington County, Maryland Office of the States's Attorney*, Civil No. PWG-13-970 (D. Md. 2013); *Blankumsee v*. Washington County, Civil Action No. PWG-13-1750 (D. Md. 1750); *Blankumsee v. Dept. of Corrections*, Civil No. PWG-13-1751 (D. Md. 2013); *Blankumsee v. Dept. of Corrections*, Civil No. PWG-13-2507 (D. Md. 2013); *Blankumsee v*. *Shearin*, Civil Action No. PWG-13-2658 (D. Md. 2014); *Blankumsee v. Galley*, Civil Action No. PWG-15-837 (D. Md. 2016); *Blankumsee v*. *Buck*, Civil Action No. PWG-15-3495 (D. Md. 2018); *Blankumsee v. Maryland DPSCS* , Civil Action No. PWG-16-2801 (D. Md. 2017); *Blankumsee v. Washington* Cty. *Cir. Ct*, Civil Action No. PWG-17-2049 (D. Md. 2018); *Blankumsee v. Foxwell*, Civil Action No. PWG-18-106 (D. Md. 2020); *Blankumsee v. State of Maryland*, Civil Action No. PWG-354 (D. Md. 2018); *Blankumsee v. Foxwell*, Civil Action No. PWG-19-14 (D. Md. 2020); *Blankumsee v. DPSCS*, Civil Action No. PWG-19-179 (D. Md. 2020). These cases were dismissed or summary judgment was granted upon motion of defendant. Blankumsee has filed multiple habeas petitions: *Blankumsee v*. Graham, Civil Action No. PWG-16-3436 (D. Md. 2019); *Blankumsee v. Foxwell*, Civil Action No. PWG-18-2110 (D. Md. 2020); *Blankumsee v. Grimm*, DKC-19-175 (D. Md. 2019); *Blankumsee v. West*, Civil Action No. PWG-19-1297 (D.Md. 2020); *Blankumsee v. State of Maryland*, Civil Action No. PWG-20-2000 (D. Md. 2020); *Blankumsee v. Hogan*, Civil Action No. PWG-20-1188 (D. Md. 2020). None of the Petitions warranted award of habeas relief.

Institution ("ECI") in Westover, Maryland, he filed this complaint alleging that he was denied "equal protection of the laws and treatment for his mental disabilities." (ECF No. 1 at 1, 3). He alleges Defendant, the State of Maryland, violated his rights under the Eighth and Fourteenth Amendments[2] of the United States Constitution, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12165, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. He seeks monetary damages of $5 million dollars and injunctive and declaratory relief. (ECF No. 1 at 3-4).

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specifically, a plaintiff must establish "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Well-pleaded facts as alleged in the complaint are accepted as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). Factual allegations must be construed "in the light most favorable to [the] plaintiff." *Adcock v. Freightliner LLC*, 550

---

[2] Blankumsee also alleged Defendant violated his rights under the Fourth, Fifth, and Sixth Amendments, asserting that he was wrongfully convicted and imprisoned in 2004. (ECF No. 1 at 1). The Court dismissed the wrongful conviction and imprisonment claims by Order dated October 23, 2019 (ECF 11), and permitted only the denial of mental health treatment claim to proceed. Notably, Blankumsee's allegations of wrongful conviction and false imprisonment concerning his 2004 criminal convictions in this Complaint were extensively examined in Blankumsee's habeas petitions. *See supra* n. 1.

F.3d 369, 374 (4th Cir. 2008) (quoting *Battlefield Builders, Inc. v. Swango,* 743 F.2d 1060, 1062 (4th Cir. 1984)).

## DISCUSSION

Defendant moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim because the State of Maryland is not a "person" subject to suit under 42 U.S.C. § 1983 and is entitled to immunity under the Eleventh Amendment. Defendant also moves to dismiss the ADA and Rehabilitation Act claims for failure to state a claim. Alternatively, Defendant moves for summary judgment in its favor on the grounds of lack of exhaustion of administrative remedies.

### I. §1983 Claims

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A state is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64–65 & 70–71 (1989); *Kelly v. Bishop*, No. RDB-16-3668, 2017 WL 2506169, at *4 (D. Md. June 9, 2017) (citing *Will*, 491 U.S. at 64-65 & 70-71). Therefore, all claims against the State of Maryland are dismissed with prejudice. *See Weigel v. Maryland*, 950 F. Supp. 2d at 825–26 (D. Md. 2013) (noting that "dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim").

### II. Eleventh Amendment

Likewise, the State of Maryland is immune from suit here. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of

another State, or by Citizens or subjects of any Foreign State." U.S. Const. amend XI. The State of Maryland is immune from suit for damages in federal court under the Eleventh Amendment to the United States Constitution, unless immunity has been waived or abrogated. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Bd. of Trustees of University of Alabama v. Garrett,* 531 U.S. 356, 363 (2001). Blankumsee's claims are brought pursuant to 42 U.S.C. § 1983, for which Congress did not abrogate the states' sovereign immunity. *Will v Michigan Department of State Police*, 491 U.S. 58, 66 (1989). Accordingly, the claims against the State of Maryland fail to state a claim upon which relief may be granted, and must be dismissed for this reason as well.

### III.  ADA and Rehabilitation Act

Claims under the ADA's Title II and Section 504 of Rehabilitation Act "can be combined for analytical purposes because the analysis is substantially the same." *Wicomico Nursing Home v. Padilla,* 910 F.3d 739, 750 (4th Cir. 2018) (citation omitted). "To establish a violation of either statute, plaintiffs must prove '(1) they have a disability; (2) they are otherwise qualified to receive the benefits of a public service, program, or activity; and (3) they were denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of their disability.'" *Id*. (quoting *National Federation of the Blind v. Lamone,* 813 F.3d 494, 503 (4th Cir. 2016)). The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

Blankumsee states he has been diagnosed with anxiety, impulse control disorder, obsessive control disorder and schizophrenia. He does not identify any program, service or activity from which he was excluded based on his disability within the meaning of Title II, nor

does he allege facts to show discrimination. Rather, he claims "the courts have denied him equal protection of the law and treatment for his mental disabilities." (ECF No. 1 at 3). In his Response to Defendant's Motion, Blankumsee clarifies that he is seeking "benefits" *i.e.* hospitalization and "qualified medical staff 24 hours a day." ECF No. 1 at 3. Although this Court is unaware of any published Fourth Circuit opinion to address this issue, unpublished cases from this circuit and published and unpublished cases from other circuits indicate that a prisoner may not state a claim under the ADA or RA for a lack of medical treatment. *See e.g. McCoy v. Stouffer*, Civil Action No. WDQ-10-1583; 2013 WL 4451079, at n.10 (collecting cases). An ADA claim arising from an alleged denial of medical treatment is likely not viable where "the handicapping condition is related to the condition to be treated" and is "the reason [the plaintiff] was seeking medical treatment"). *Fitzgerald v. Corrs. Corp. of Am.,* 403 F.3d 1134, 1144 (10th Cir. 2005); *see also Goodman v. Johnson*, 524 Fed Appx. 887, 890 (4th Cir. 2013), citing *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1021–22 (9th Cir.2010) (stating "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability"). Accordingly, the ADA and Rehabilitation Act claims will be dismissed for failure to state a claim. Further, even if the Court were to permit Blankumsee to amend his claims, such amendment would prove futile because he has not exhausted his administrative remedies as is discussed below.

## IV. Exhaustion of Administrative Remedies

Defendant has submitted verified exhibits and declarations that demonstrate plaintiff has failed to exhaust his administrative remedies as required under the Prisoner Litigation Act, 42 U.S.C. § 1997e, which provides in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Blankumsee does not dispute his failure to exhaust his administrative remedies as to the claims presented here.³ Further, administrative exhaustion also applies to an ADA claim. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060-61 (9th Cir. 2007) (holding that the PLRA requires exhaustion of administrative remedies before an action may be brought under any federal law, including the ADA and the Rehabilitation Act); *see also Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001) (affirming dismissal of prisoners complaint under the ADA for failure to exhaust); *Ervin v. Corizon Health*, ELH-19-1666, 2020 WL 2490042 at *27 (May 13, 2020); *Gambino v. Hershberger*, TDC-17-1701, 2019 WL 1300856, at *10 (D. Md. Mar. 20, 2019) (recognizing that a prisoner must exhaust remedies under the PLRA before bringing an ADA or Rehabilitation Act claim); *McCoy v. Maryland Dep't of Pub. Safety & Corr. Services*, Civil Action JFM-16-0090, 2017 WL 3251558, at *6 (D. Md. July 28, 2017) (failure to exhaust ADA claim requires dismissal of claim), aff'd, 704 Fed. Appx. 286 (4th Cir. 2017); *Harding v. Green*, Civil Action JFM-11-1561, 2012 WL 1203956, at *2 (D. Md. April 9, 2012) (stating that a prisoner must exhaust both ADA and Rehabilitation Act claims).

Further, a plaintiff's efforts to exhaust administrative remedies after his complaint is filed will not save the case from dismissal as unexhausted. *See Neal v. Goord*, 267 F.3d 116, 121-22 (2d Cir. 2001) (overruled on other grounds). "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court . . . ." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). A prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Id*; *Kitchen v. Ickes,* Civil Action No. DKC-14-2022, 116 F.Supp.3d 613, 2015 WL 4378159, at *8 (D. Md. July 14, 2015)). Accordingly, permitting

---

³ Blankumsee's assertions that he has exhausted his remedies through trial, appeal, and in post-conviction proceedings do not satisfy the administrative exhaustion requirement.

6

Blankumsee to amend his complaint to include appropriate defendants would be futile.

## PRISON LITIGATION ACT THREE STRIKES RULE

The Prison Litigation Reform Act's ("PLRA") three-strikes rule "generally prevents a prisoner from bringing suit in forma pauperis (IFP) – that is, without first paying the filing fee – if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim on which relief may be granted.'"  *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g)).  Dismissal with or without prejudice for any of the grounds enumerated in § 1915(g) constitutes a "strike" under the PLRA.  *Lomax*, 140 S.Ct. at 1724.  Because this complaint is dismissed for failure to state a claim, the dismissal constitutes Blankumsee's "second strike."  *See Blankumsee v. Beachley*, Civil Action No. PWG-18-3415 (D. Md. 2020) (assigning a "first strike" pursuant to § 1915(g)).  Blankumsee is cautioned that if he receives a "third strike" under 28 U.S.C. §1915(g), he will not be granted in forma pauperis status unless he can establish he "is under imminent danger of serious physical injury."  *Id*.

## CONCLUSION

For these reasons, the Court will dismiss Blankumsee's complaint for failure to state a claim pursuant to Rule 12(b)(6) and he is assigned a "second strike" under 28 U.S.C. § 1915(g).  An Order follows this Memorandum Opinion.

# **ORDER**

For reasons stated in the foregoing Memorandum Opinion, it is this 27th day of August, 2020, by the United States District Court for the District of Maryland, hereby ordered:

1. Defendants' motion to dismiss or for summary judgment, ECF No. 14, is construed as motion to dismiss and is GRANTED.

2. The Complaint IS DISMISSED with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted;

3. Blankumsee IS ASSIGNED a "second strike" pursuant to 28 U.S.C. §1915(g);

4. The Clerk SHALL FLAG this case as Blankumsee's second strike;

5. Blankumsee IS FOREWARNED that after a third dismissal under 28 U.S.C. § 1915(g), he will not be permitted to file a civil action or proceeding unless he pays the full filing fee or proves he is under imminent danger of serious physical injury;

6. The Clerk SHALL SEND a copy of this Memorandum Opinion and Order to Blankumsee and counsel; and

7. The Clerk SHALL CLOSE this case.

\_\_\_\_/S/_____
Paul W. Grimm
United States District Judge